LAW OFFICE OF
ZACHARY S. TAYLOR

305 Broadway, 7th Floor
New York, NY 10007
Tel (212) 257-1900
Fax (646) 808-0966

November 15, 2026

*By ECF and Email*

The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: *United States v. Anthony Kennedy*, No. 25-cr-289 (RPK)**

Dear Judge Kovner:

I write on behalf of Mr. Kennedy in reply to the government's proposed impeachment of Mr. Kennedy. (*See* ECF Doc. 73).

**1. The government should not be permitted to introduce Mr. Kennedy's statement from his prior sentencing.**

The government seeks to impeach Mr. Kennedy with an unsworn statement at his sentencing in *United States v. Kennedy*, 20 Cr 239 (BMC). *See* Gov't Resp. 3 n.4. According to the government, Mr. Kennedy endorsed Moeleek Harrell's allegedly perjured testimony as "the truth." That is incorrect. Mr. Kennedy's actual words were: "My cousin, Moeleek Harrell, testified without pleading. Derrick [Ayers] is not pleading, that is the truth." Sentencing Tr. at 52. "That is the truth" immediately follows the statement about Mr. Ayers. Thus, the transcript does not establish the supposed endorsement of Harrell's testimony that the government now proposes to impeach. The passage is awkward, but ambiguity does not permit the government to attribute an endorsement the transcript does not establish and then impeach him for making it.

The government also recasts "I'm not Bully Gang" as a denial of "any association" with the charged enterprise. The context in which those words appear refutes the government's description: "I love my cousins. They would ask me to help them out any way, I will do that because they are my cousins. I'm not Bully Gang, though. I still maintain my innocence." Id. Mr. Kennedy acknowledged his willingness to help his relatives in "any way" while denying membership in the gang. Thus, Mr. Kennedy did not clearly deny "any association."

Furthermore, this was an unsworn statement. Although Rule 801(d)(2)(A) requires no oath, it does not override Rule 608(b)'s prohibition on extrinsic evidence offered solely to prove untruthful character. The government identifies no

anticipated material testimony that the statement would contradict; its present theory is simply that Mr. Kennedy previously lied and should therefore be disbelieved.

The government's reservation of "any statement" by Judge Cogan concerning credibility is equally overbroad. *Cedeño* requires a contextual assessment, including whether the alleged lie was made under oath, its significance, motive, and explanation. *See United States v. Cedeño*, 644 F.3d 79, 82–83 (2d Cir. 2011). It does not authorize another judge's conclusions to substitute for this jury's credibility assessment. The Court should exclude the proposed transcript and judicial commentary as extrinsic character impeachment and require a specific, advance proffer identifying the alleged falsehood, its foundation, and its permissible purpose before allowing any questioning. The government should also obtain an advance ruling before it refers to Judge Cogan's credibility findings in front of the jury.

**2. Disciplinary evidence**

The government states that it does not presently seek affirmative admission of GX 201, 202, 204–212, and 501, yet proposes using disciplinary reports as impeachment bearing on "credibility and trustworthiness." Gov't Resp. 1–2 & n.2. Disciplinary infractions are not criminal convictions under Rule 609. Rule 608(b) bars the reports and disciplinary-history printouts as extrinsic proof offered solely to establish untruthful character.

Nor does every infraction justify cross-examination. Drug or contraband possession, disobedience, and combative conduct do not, without more, establish conduct probative of truthfulness. *Cf. United States v. Estrada*, 430 F.3d 606, 617–19 (2d Cir. 2005) (distinguishing dishonest conduct from violent or assaultive conduct, which generally has "little or no direct bearing on honesty and veracity," and observing that many drug crimes are less probative of veracity). Any proposed inquiry must identify a particular deceptive act and a good-faith foundation. The Rule's 2003 advisory note also forbids circumventing the extrinsic-evidence bar by inserting disciplinary findings or consequences into a question.

A catalog of prison misconduct would invite a finding that Mr. Kennedy is a dangerous inmate, not resolve the facts of the charged incident. The Court should exclude the records as character impeachment and, likewise, bar questioning about his disciplinary incidents because their limited relevance to truthfulness is substantially outweighed by unfair prejudice.

**3. 2024 convictions**

The government's reliance on Estrada is misplaced. Estrada's holding concerning presumptive admission of conviction names, dates, and sentences addressed impeachment of witnesses other than a criminal defendant. The opinion

expressly distinguishes ordinary Rule 403 balancing for non-defendant witnesses from the greater protection afforded the accused. *See Estrada*, 430 F.3d at 615–20. Rule 609(a)(1)(B) requires the government to establish that impeachment value outweighs prejudice to Mr. Kennedy—not merely that prejudice fails substantially to outweigh probative value.

The convictions should be excluded under that more exacting balancing test. Even without an underlying narrative, cumulatively identifying five convictions risks inviting the jury to decide the current charges on the basis of Mr. Kennedy's criminal record. The government must justify each conviction's incremental impeachment value; the value of adding further convictions is not necessarily the same as admitting the first. *See United States v. Vasquez*, 840 F. Supp. 2d 564, 573 (E.D.N.Y. 2011) (Matsumoto, J.) (recognizing that additional convictions may have diminished incremental impeachment value once a prior felony has been presented to the jury). Although the convictions are recent and may involve planning, those features do not, by themselves, establish that the impeachment value of admitting all five outweighs the resulting prejudice. Nor does the fact that the offenses differ from the charged offense eliminate prejudice. *See* Gov't Resp. 5. Adding gang and prison-smuggling allegations further invites improper dangerousness and propensity inferences. The government has not shown that the proposed impeachment value outweighs those risks.

The government concedes that Mr. Kennedy is the only potential witness able to describe precisely what happened inside the cell. *See id.* His credibility therefore matters, but so does the defense's ability to present his account without unnecessarily prejudicial impeachment that invites the jury to view him as a bad person.

The government has failed to demonstrate that the lengths of Mr. Kennedy's prior sentences have any additional impeachment value. They reflect punishment for other offenses, not whether his account of this encounter is credible. The government identifies no concrete reason why punishment that has already been imposed creates a greater incentive to fabricate in this case. Reciting decades of imprisonment instead invites the jury to infer dangerousness or incorrigibility. Estrada's discussion of non-defendant witnesses supplies no basis for dispensing with the defendant-specific balancing required here; the government has not demonstrated impeachment value sufficient to justify that prejudice.

*Estrada* recognizes that courts may limit evidence of the underlying facts or details of the crime of conviction even for non-defendant witnesses. *See* 430 F.3d at 616. Thus, even the less protective standard applied there does not authorize a retrial of the Bully Gang prosecution. The proposed predicate-act and sentencing-memorandum narrative should therefore be excluded under the defendant-specific standard applicable here.

If the Court permits any recent-conviction impeachment, it should rule conviction by conviction, limit cumulative convictions and approve the precise wording in advance, exclude sentence lengths and the complete judgment, and prohibit use of the underlying facts and sentencing narratives.

**4. 2014 conviction**

The government also seeks to impeach Mr. Kennedy with a 2014 conviction—knowingly exhibiting false government identification. *See* Gov't Resp. 5–6. Since more than ten years have elapsed since conviction or release from confinement for that offense, Rule 609(b) requires specific facts establishing that probative value substantially outweighs prejudice, even for an offense involving dishonesty.

Advance notice does not satisfy that independent substantive requirement. Although knowingly using false identification bears directly on deceit, the government must still establish why this remote conviction's probative value substantially outweighs prejudice. Generic reliance on willingness to disobey the law does not meet that burden. The government cannot bootstrap the remote conviction into evidence merely by arguing that the 2024 convictions reduce its additional prejudice. That argument addresses only one side of the balance: it does not establish that the older conviction adds sufficient impeachment value to satisfy Rule 609(b)'s requirement that probative value substantially outweigh prejudice. If recent-conviction impeachment is permitted, the Court must also consider whether the older conviction adds sufficient, non-cumulative impeachment value. The government cannot count the newer convictions only to discount additional prejudice while ignoring their effect on the claimed need for still more impeachment. Rule 609(b) requires an independent, particularized justification for admitting the remote conviction; a cumulative recital of convictions is no substitute.

Accordingly, the Court should exclude impeachment through the 2014 false ID conviction.

Respectfully submitted,



Zachary S. Taylor
Counsel for Anthony Kennedy